IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LESLIE WEBB,

        Plaintiff,

vs.                                                   Civ. No. 07-537 JCH/WPL

SILVER OAK DRILLING, LLC,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's *Motion for Summary Judgment*, filed March 10, 2008 [Doc. 25], and Defendant's *Motion for Partial Summary Judgment Against Plaintiff for Recovery of Economic Damages*, filed March 10, 2008 [Doc. 27]. The Court held a hearing on these two motions on February 12, 2009, at which both parties were represented by counsel. The Court having considered the motions, briefs, arguments at the hearing, and relevant law, and being otherwise fully informed, finds that Defendant's Motion for Summary Judgment on liability is well taken and will be GRANTED, and that Defendant's Motion for Partial Summary Judgment on Economic Damages is therefore moot.

## BACKGROUND

Plaintiff Leslie Webb ("Webb") brought this action for age discrimination when he was not hired by Defendant Silver Oak Drilling, LLC ("Silver Oak"). The facts in this case are largely undisputed, and are presented below in the light most favorable to Plaintiff, as required in this context.

Plaintiff was a 64 year-old man at the time of the alleged events. On Friday, March 24,

2006, Webb learned from Michael Towler ("Towler"), a Silver Oak employee, that Towler had one position available for a floor hand on the four-person drilling crew that he supervised. That same day, Webb filled out an employment application and turned it in to Leroy Curry, an employee at Silver Oak's office. On Monday, March 27, Webb took a drug test for the purpose of qualifying for employment at Silver Oak. The drug test was part of the application process, and employment was conditioned on passing the drug test.

Plaintiff claims that, while he was at the drug testing facility, Towler's grandfather (who was at the facility with Plaintiff) received a call from Towler asking him to notify Plaintiff that he would not be hired because Joe Steed ("Steed"), one of Defendant's "tool pushers," said that Plaintiff was too old to do the job.[1] After Plaintiff was notified that he would not be hired by Silver Oak, he applied for, and received, a job at another drilling company.[2] Instead of hiring Plaintiff, Silver Oak transferred Josh Bean ("Bean"), a 23 or 24-year old Silver Oak employee, to fill the open position on Towler's drilling crew, ostensibly because Bean's drilling rig was out of service at the time and Silver Oak had a policy of filling open positions with existing employees, if possible.

## **LEGAL STANDARD**

Summary Judgment is appropriate if "the record contains no evidence of a genuine issue of material fact and demonstrates that the moving party is entitled to judgment as a matter of

---

[1] A "tool pusher" is the name given to a person who supervises several drilling crews. As discussed in more detail later in the opinion, a "tool pusher" has the final authority to determine whether or not someone is hired, even if the person has been offered a position by the head of a drilling crew.

[2] Because the Court has determined that Defendant is not liable on Plaintiff's claim, Plaintiff's future employment decisions, which would go only to the issue of economic damages, are not relevant to the underlying case, and the Court need not address them further.

law." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 247 (1986); *Woodman v. Runyon*, 132 F.3d 1330, 1337 (10th Cir. 1997); Fed. R. Civ. P. 56(c).  The Court views the record and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party.  *Thomas v. Int'l Bus. Machs.*, 48 F.3d 478, 484 (10th Cir. 1995).  The moving party has the initial burden of showing there is no genuine issue of material fact.  *Anderson*, 477 U.S. at 256.  Once the moving party has met its burden, the non-moving party must do more than merely show that there is some doubt as to the material facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party may not rest on the mere allegations or denials of the pleadings, but must set forth specific facts showing a genuine issue for trial.  *Anderson*, 477 U.S. at 248, 256.  Although the Court views the evidence and draws all inferences in the light most favorable to the party opposing summary judgment, that party still "must identify sufficient evidence which would require submission of the case to a jury."  *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992).  Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment.  *Anderson*, 477 U.S. at 248.  Fatally for Plaintiff's claim, "[s]peculation or hunches admidst rumor and innuendo will not suffice." *Maestas v. Segura*, 416 F.3d 1182, 1189 (10th Cir. 2005).

      Plaintiff brings this case pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et. seq*.  ADEA claims are appropriately analyzed under the same framework as cases brought under Title VII of the Civil Rights Act.  See *Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 305 (10th Cir. 1992).  Thus, the test used in Title VII failure to hire claims also applies to failure to hire claims under the ADEA.  *See Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1425 (10th Cir. 1993).  In order to establish a prima facie case of disparate treatment as a result of a prospective employer's failure to hire, a plaintiff must

show that: (1) he applied for an available position; (2) he was qualified for the position; and (3) he "was rejected under circumstances which give rise to an inference of unlawful discrimination." *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1278 (10th Cir. 1999) (quoting *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981)).

## **DISCUSSION**

For purposes of its summary judgment motion only, Defendant does not contest the second or third prong of Plaintiff's prima facie case, but instead argues that Plaintiff cannot meet the first prong because the open position became filled while Plaintiff's application was still pending. It is undisputed that Defendant had a policy providing that existing Silver Oak employees had priority over new hires in filling open positions. *See* Plaintiff's Opposition to Motion for Summary Judgment (hereinafter "Plaintiff's Opp.") [Doc. 32] at 2, ¶ D. It is also undisputed that, on March 27, 2006, Defendant transferred an existing Silver Oak employee, Josh Bean, to Towler's crew in order to fill the open position for which Plaintiff had applied. *See id*. at ¶ E. Defendant argues that, because Plaintiff had not yet been hired at the time Bean became available for a transfer, and because company policy dictated that an existing employee be transferred to an open position before bringing a new hire on board, no position actually existed for Plaintiff to fill.

Plaintiff argues that he was hired on Friday, March 24, at the time that Towler offered him the job, subject only to completing the application, which he did, and passing a drug test, which he did. According to Plaintiff's logic, because he was already hired on Friday and then completed the other prerequisites to employment, there was not an open position on the morning of Monday, March 27 for Bean to fill, and he was prevented from working for discriminatory reasons. However, while Towler may have told Plaintiff on March 24 that Plaintiff had a job, this

4

does not mean that, for legal purposes, Plaintiff was actually hired at that point.  Indeed, Towler admits that the tool pusher, rather than the driller, has final say over who is hired, and that when a driller offers someone a job, it is contingent on passing a drug test and on the tool pusher's final approval.  Plaintiff's Opp. [Doc. 32], Ex. 1 at 27.  In addition, Plaintiff offers no evidence to counter the affidavit of Eddie LaRue, Silver Oak's General Manager who oversaw all hiring, termination, and employee transfer decisions, who states that Plaintiff "was informed that his hiring was conditioned upon his obtaining and passing a drug test, and upon him truthfully completing the employment application as well as all other new hire documents."[3]  Memorandum in Support of Motion for Summary Judgment (hereinafter "Deft's MSJ") [Doc. 26], Ex. B at ¶ 4.  Plaintiff himself characterizes his status as having been "almost already hired, depending [on] the drug test" when he found out that the position was already filled by Bean.  Plaintiff's Opp. [Doc. 32] Ex. 2 at 39:2-3.

Defendant has also presented uncontroverted evidence, through the deposition testimony of Plaintiff's witness Michael Towler, that Bean was already at the job site, filling the fourth spot on Towler's drilling rig, when Towler got to work the morning of Monday, March 24, and that Bean had been transferred from another Silver Oak rig.  *See* Plaintiff's Opp. [Doc. 32], Ex. 1 at 28:23-31:17.  Thus, an existing Silver Oak employee had already filled the open position on

---

[3] In completing the application for employment at Silver Oak, Plaintiff stated that he had never been convicted of a crime.  *See* copy of Plaintiff's application, attached as Exhibit D to *Notice by Silver Oak Drilling* [Doc. 46], filed February 20, 2009.  In fact, Plaintiff had been convicted of at least one serious crime in the past.  At his deposition, Plaintiff acknowledged that he deliberately falsified that part of the application because he was concerned that if he listed his conviction, he might not have been hired.  Although Defendant does not argue that Plaintiff's deception on his application had any bearing on the hiring decision, the fact that Plaintiff felt the need to lie on his application does demonstrate that completing an application is more than a mere formality, further undermining Plaintiff's claim that he was already hired on Friday, March 24, when Towler told him that he had a job.

Towler's crew prior to Plaintiff taking the drug test that was one of the prerequisites to his being hired.

To be sure, simply filling an open position with another employee is insufficient to elude liability for a discriminatory failure to hire, if the position is filled in a pretextual attempt to avoid hiring a protected applicant.  However, Plaintiff has failed to present any triable evidence of pretext in this situation.  For instance, Plaintiff has not alleged or attempted to demonstrate that the drilling rig from which Bean was transferred was not incapacitated, or that Bean's rig had been down for a significant amount of time but that Bean was only transferred once it became clear that Plaintiff would be hired otherwise.  Nor has Plaintiff offered evidence to demonstrate that the toolpusher who placed Bean into the open position even knew that Towler had offered Plaintiff a job.  Plaintiff claims that, on Friday, March 24, "Towler advised his boss, toolpusher Joe Steed, that he had hired Plaintiff to fill the position."  Plaintiff's Opp. [Doc. 32] at 4.  However, the deposition testimony that Plaintiff cites to support this claim provides evidence only that Towler told Steed that he had hired *someone*; it provides no evidence that Steed knew that Towler had hired Plaintiff specifically.[4]  In short, Plaintiff has failed to offer triable evidence to create a question of fact regarding whether Defendant legitimately filled the formerly open position prior to Plaintiff completing the prerequisites for employment.  As such, Plaintiff has

---

[4] In his Complaint, Plaintiff claims that "I listed my age on the employment application as 64."  Complaint [Doc. 1] at 2, ¶ B.2.  However, a review of a copy of Plaintiff's application reveals no question relating to age or date of birth, and no indication that Plaintiff listed such information on the form.  *See* copy of Plaintiff's application, attached as Exhibit D to *Notice by Silver Oak Drilling* [Doc. 46], filed February 20, 2009.  Even the section on work history, which, in certain circumstances could reveal age-related information, was only filled out by Plaintiff for the prior six months.  Thus, even if Steed had seen Plaintiff's application prior to transferring Bean into the open position, there is no evidence that he would have had an indication of Plaintiff's age.

failed to make a prima facie case of illegal discrimination, and his case must be dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Summary Judgment* [Doc. 25] is GRANTED and Defendant's *Motion for Partial Summary Judgment Against Plaintiff for Recovery of Economic Damages* [Doc. 27] is dismissed as moot.

                                                                **UNITED STATES DISTRICT JUDGE**